IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACOB RICHARD WALKER, § | |
| TDCJ #02374462, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-24-4374 |
| § | |
| TDCJ-CID,et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jacob Richard Walker (TDCJ #02374462), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging his conditions of confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Because Walker is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Walker is currently housed at the Memorial Unit.[1] He has named the following as defendants: (1) TDCJ-CID; (2) TDCJ-CID executive director Bryan Collier; (3) TDCJ-CID Gib Lewis Unit; (4) TDCJ-CID Huntsville Unit; and (5) TDCJ-CID Larry Gist Unit.[2] He describes his claims against the defendants as follows:

> TDCJ-CID is committing securities fraud by applying the TDCJ-CID contracts and balance to Jacob Richard Walker instead of JACOB RICHARD WALKER and also kidnapping Jacob Richard Walker by holding me here in place of JACOB RICHARD WALKER all along conspiring to fraudlently [sic] gain and with hold [sic] information not stated in previous contracts and to Human Traffic any persons, living breathing Jacob Richard Walker instead of STRAWMAN fiction JACOB RICHARD WALKER.[3]

As relief, Walker states that he wants the defendants to "release living and breathing Jacob Richard Walker from all TDCJ-CID obligations and property."[4]

## II. Standard of Review

Because Walker is a prisoner who has been granted leave to proceed in forma pauperis his Complaint is governed by the Prison Litigation Reform Act ("PLRA"), which authorizes summary dismissal if the court determines that the action is (1) "frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] Complaint, Docket Entry No. 1, p. 1.

[2] Id. at 3.

[3] Id. at 4.

[4] Id.

granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2); Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions). A claim is frivolous if it lacks any arguable basis in law or fact. Thomas v. Nino, No. 23-40385, 2024 WL 4039743, at *1 (5th Cir. Sept. 4, 2024) (citing Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009)). A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1831, 1833 (1989)).

In reviewing the pleadings, the court is mindful that Walker represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Even under this lenient standard, a self-represented plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. See Neitzke, 109 S. Ct. 1827 at 1832-33; McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). Nevertheless, pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

### III. Discussion

To the extent the allegations in Walker's Complaint can be discerned, he appears to allege that TDCJ has kidnapped him and is committing "securities fraud" against him, and that "strawman JACOB RICHARD WALKER" should be incarcerated instead of him. These allegations qualify as "fanciful," "fantastic," and "delusional." Walker does not present a plausible set of facts that can support a claim for relief. Accordingly, this case will be dismissed as

frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). See Denton, 112 S. Ct. at 1733 (stating that a complaint may be dismissed as factually frivolous if it fits within the "category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional'"); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (citations and internal quotation marks omitted); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (noting that summary dismissal is appropriate if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion.").

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The civil action filed by Jacob Richard Walker (TDCJ #02374462) is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; (2) the TDCJ

Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by e-mail: ctfcourt.collections@tdcj.texas.gov; and (3) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 17th day of JANUARY, 2025.

```
_____
        SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE
```